IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JAMES ALLEN COTTRILL,**

      **Plaintiff,**

v.                                                 Civil action no. 5:10cv23
                                                        (Judge Stamp)

**DAVID A. BARNABEI,**

      **Defendant.**

## REPORT AND RECOMMENDATION

On February 26, 2010, the plaintiff, initiated this case by filing a complaint against his court-appointed attorney, David A. Barnabei. Although the plaintiff stated no basis for this Court's jurisdiction, the matter was opened under the Civil Rights Act, 42 U.S.C. § 1983. The plaintiff was granted leave to proceed *in forma pauperis* on March 1, 2010, with an initial partial filing fee due within twenty-eight days. Following receipt of a letter by the plaintiff regarding the assessment of the initial partial filing fee and review of updated ledger sheets, the initial partial filing fee was waived by order entered on March 30, 2010. This matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.01, et seq., and 28 U.S.C. §§ 1915(e) and 1915(A).

**I. Factual Background**

On May 10, 2004, the plaintiff was indicted in the Circuit Court of Ohio County, West Virginia on the charge of Sexual Abuse in the First Degree in violation of West Virginia Code § 61-8B-7. (Doc. 1, p. 8). On December 27, 2005, an Order was entered by the Circuit Court of Ohio County, West Virginia permitting the First Judicial Circuit Public Defender Corporation to withdraw as the attorney

1

for the plaintiff and appointing David Barnabei as counsel in its place. (Doc.1, p. 10). On August 2, 2006, an Information was filed against the plaintiff charging him with the additional crimes of Entering without Breaking in the Daytime in violation of West Virginia Code § 61-3-12 and Attempted Kidnapping in violation of West Virginia Code §§ 61-2-14a(a) and 61-11-8(1). (Doc.1, p. 13). On August 2, 2006, the plaintiff waived indictment on these additional charges. (Doc. 1, p. 16). Also on August 2, 2006, the plaintiff entered *Crawford/Kennedy*[1] pleas to First Degree Sexual Abuse, Daytime Entering with Breaking and Attempted Kidnapping. (Doc. 1, p. 19) Following his plea of guilty, the plaintiff was sentenced to 1-5 years for First Degree Sexual Abuse; 1-10 years for Entering without Breaking in the Daytime; 3-15 years for Attempted Kidnapping. The sentences were ordered to run consecutively to each other for an effective sentence of not less than 5 nor more than 30 years, and the Court recommended to the Parole Board that the plaintiff serve his entire sentence and not be granted parole. (Doc. 1, pp. 23-24).

## II. The Complaint

In is complaint, the plaintiff alleges that the defendant is guilty of malpractice. More specifically, the plaintiff alleges that because of the defendant's negligence, he continues serving time in prison on charges contained in the information that should have been dismissed because the state failed to comply with the mandatory joinder rule. For relief, the plaintiff seeks punitive damages against the defendant in the amount of $3,000,000.

## III. Standard of Review

Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines

---

[1] Pursuant to Kennedy v. Frazier, 178 W.Va. 10, 357 S.E. 2d 43 (1987), the accused consents to the imposition of sentence without admitting his participation in the crime.

that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[2] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

## IV. ANALYSIS

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by the Constitution by a person acting under color of state law. Private attorneys and public defenders do not act "under color of state law" by being part of a state judicial system or being paid by a state agency. Polk County v. Dodson, 454 U.S. 312 (1981). See also Hall v. Quillen, 631 F.2d 1554 (4th Cir. 1980) (affirming dismissal of 42 U.S.C. § 1983 action against court-appointed attorney as lacking "state action" and therefore failing to state a claim); and Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (affirming dismissal of 42 U.S.C. § 1983 action against retained counsel). See also Cox v. Hellerstein, 685 F.2d 1098, 1099 (9th Cir. 1982) (attorneys do not act under color of state or federal law when representing clients, and therefore relief cannot be obtained under either section 1983 or Bivens).

---

[2] Id. at 327.

Furthermore, In Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994), the Supreme Court of the United States found:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus . . .

Heck at 487 (footnote omitted). Moreover, the Supreme Court stated that one reason for imposing such a requirement is to prevent a convicted criminal defendant from collaterally attacking his criminal conviction through a civil suit. Id. at 484.

Upon review of the complaint, it is clear that a decision favorable to the plaintiff with respect to his allegations against the defendant "would necessarily imply the invalidity of his conviction or sentence"[3] and that the plaintiff has failed to make a showing that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.

Accordingly, for the reasons discussed above, the plaintiff has no chance of success on the merits and his complaint is frivolous.

## V. Recommendation

In consideration of the foregoing, it is the undersigned's recommendation that the plaintiff's complaint (Doc. 1) be **DISMISSED WITH PREJUDICE** under 28 U.S.C. §§ 1915(e) and 1915A.

Within fourteen (14) days after being served with a copy of this recommendation, any party

---

[3] Harden v. Pataki, 320 F.3d 1289, 1291 (11th Cir. 2003) (citing Heck at 487).

may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1);Thomas v. Arn, 474 U.S. 140 (1985) Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of Court is directed to mail a copy of this Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Dated: March 31, 2010.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE