IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES ALLEN COTTRILL,

       Plaintiff,

v.                                      Civil Action No. 5:10CV23
                                                (STAMP)
DAVID A. BARNABEI,

       Defendant.

## MEMORANDUM OPINION AND ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

### I. Background

The pro se[1] plaintiff, James Allen Cottrill ("Cottrill"), filed a complaint in this Court against his state court appointed attorney, David A. Barnabei. The plaintiff did not state a basis for his claim. However, the case was opened as a civil rights action pursuant to 42 U.S.C. § 1983. An Ohio County, West Virginia grand jury indicted the plaintiff on the charge of Sexual Abuse in the First Degree in May 2004. Thereafter, on December 27, 2005, the Circuit Court of Ohio County entered an order allowing the state public defender corporation to withdraw as the Cottrill's counsel in the state court action and appointing David Barnabei as counsel. An information was filed against Cottrill in August 2006, charging him with the additional crimes of Entering without

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

Breaking in the Daytime and Attempted Kidnapping.  The same day the information was filed, Cottrill waived indictment on the additional charges and entered Crawford/Kennedy[2] pleas to First Degree Sexual Abuse, Daytime Entering with Breaking and Attempted Kidnapping. The state court sentenced Cottrill to one to five years for First Degree Sexual Abuse, one to ten years for Entering without Breaking in the Daytime, and three to fifteen years for Attempted Kidnapping.  Cottrill's sentences run consecutively to each other and the state court recommended that the Parole Board not grant Cottrill parole.

The plaintiff sues the defendant for malpractice. Specifically, the plaintiff argues that the defendant was negligent.  As a result of the alleged negligence, the plaintiff contends that he continues serving time in prison on charges contained in the information that should have been dismissed because the state failed to comply with the mandatory joinder rule. The plaintiff seeks $3 million in damages as relief.

The case was referred to United States Magistrate Judge James E. Seibert for initial review and recommendation.  Magistrate Judge Seibert issued a report and recommendation, recommending that the plaintiff's complaint be dismissed with prejudice.  The magistrate judge advised the parties that, pursuant to 28 U.S.C.

---

[2]A Crawford/Kennedy plea allows a defendant to consent to the imposition of sentence without admitting his participation in the crime.  Kennedy v. Frazier, 357 S.E.2d 43 (W. Va. 1987).

2

§ 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within fourteen days after being served with a copy of the magistrate judge's recommendation. The plaintiff then filed timely objections. For the reasons set forth below, this Court affirms and adopts the magistrate judge's report and recommendation in its entirety.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the plaintiff has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

## III. Discussion

In his report and recommendation, the magistrate judge stated that state appointed attorneys do not act under the color of state law. He also stated that the United States Supreme Court found that for a § 1983 plaintiff to recover damages, he "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

3

authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus . . ." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  The magistrate judge found that, after reviewing the complaint, a decision favorable to the plaintiff with respect to his allegations would necessarily imply the invalidity of his conviction or sentence and that the plaintiff has failed to make a showing that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. The magistrate judge then recommended that the plaintiff's complaint be dismissed with prejudice.

The plaintiff then filed objections, stating that he did not object to dismissal of his complaint, but he did object to dismissal with prejudice.  The plaintiff states that he has a writ of habeas corpus pending in the Circuit Court of Ohio County, West Virginia, which argues the same issues as the complaint in this case.  He states that his "Heck-barred" claims should be dismissed without prejudice so that he may re-file his case if he is successful in his state court habeas claim.

This Court does not agree with the plaintiff. Action by the state "is an essential preliminary condition to § 1983 jurisdiction, and a failure to find state action disposes of such an action adversely to the plaintiff."  Hall v. Quillen, 631 F.2d

1154, 1155 (4th Cir. 1980) (citing Martinez v. California, 444 U.S. 277, 283-85 (1980)). A state-appointed counsel cannot be liable under § 1983 in federal court because there is lack of state action. Id. His claim is more than "Heck-barred." Even if the plaintiff prevails in his state court habeas action, he cannot succeed in a § 1983 action against defendant Barnabei as the Fourth Circuit has stated that a state appointed attorney does not act under the color of state law. Id. Accordingly, the plaintiff's complaint must be dismissed with prejudice.

## IV. Conclusion

Based upon a de novo review, this Court finds that the report and recommendation of the magistrate judge should be, and is hereby, AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the plaintiff's complaint is DISMISSED WITH PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail.

Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: September 1, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE
