IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES ALLEN COTTRILL,

    Plaintiff,

v.                                            Civil Action No. 5:10CV23
                                                        (STAMP)

DAVID A. BARNABEI,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING THE PLAINTIFF'S MOTION FOR RECONSIDERATION**

I.    Background

The pro se[1] plaintiff, James Allen Cottrill ("Cottrill"), filed a complaint in this Court against his state court appointed attorney, David A. Barnabei. The plaintiff did not state a basis for his claim. However, the case was opened as a civil rights action pursuant to 42 U.S.C. § 1983. An Ohio County, West Virginia grand jury indicted the plaintiff on the charge of Sexual Abuse in the First Degree in May 2004. Thereafter, on December 27, 2005, the Circuit Court of Ohio County entered an order allowing the state public defender corporation to withdraw as the Cottrill's counsel in the state court action and appointing David Barnabei as counsel. An information was filed against Cottrill in August 2006, charging him with the additional crimes of Entering without Breaking in the Daytime and Attempted Kidnapping. The same day the

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

information was filed, Cottrill waived indictment on the additional charges and entered Crawford/Kennedy[2] pleas to First Degree Sexual Abuse, Daytime Entering with Breaking and Attempted Kidnapping. The state court sentenced Cottrill to one to five years for First Degree Sexual Abuse, one to ten years for Entering without Breaking in the Daytime, and three to fifteen years for Attempted Kidnapping. Cottrill's sentences run consecutively to each other and the state court recommended that the Parole Board not grant Cottrill parole.

The plaintiff sues the defendant for malpractice. Specifically, the plaintiff argues that the defendant was negligent. As a result of the alleged negligence, the plaintiff contends that he continues serving time in prison on charges contained in the information that should have been dismissed because the state failed to comply with the mandatory joinder rule. The plaintiff seeks $3 million in damages as relief.

The case was referred to United States Magistrate Judge James E. Seibert for initial review and recommendation. Magistrate Judge Seibert issued a report and recommendation, recommending that the plaintiff's complaint be dismissed with prejudice. This Court affirmed and adopted the magistrate judge's report and

---

[2]A Crawford/Kennedy plea allows a defendant to consent to the imposition of sentence without admitting his participation in the crime. Kennedy v. Frazier, 357 S.E.2d 43 (W. Va. 1987).

2

recommendation in its entirety. The plaintiff then filed this motion for reconsideration.

## II. Standard of Review

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "[Federal] Rule [of Civil Procedure] 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Id. A Rule 59(e) motion may not be used to relitigate old matters and is an extraordinary remedy that should be used sparingly. Id. It is improper to use such a motion to ask the court to "rethink what the court has already thought through--rightly or wrongly." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

## III. Discussion

In his motion for reconsideration, the plaintiff argues that his civil action is not an action arising under 42 U.S.C. § 1983, but a negligence action. If this Court construed the plaintiff's civil action as a claim for negligence, this Court would lack

3

subject matter jurisdiction. Negligence is a state law claim, therefore there is no federal question. Further, the parties are both from West Virginia, which means that this Court lacks diversity jurisdiction. Accordingly, even if this Court construed the plaintiff's complaint as a negligence action rather than an action arising under 42 U.S.C. § 1983, this Court would still dismiss the plaintiff's complaint.

The plaintiff also argues that the United States Supreme Court found that for a § 1983 plaintiff to recover damages, he "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus . . ." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). The plaintiff states that he has a writ of habeas corpus pending in the Circuit Court of Ohio County, West Virginia, which argues the same issues as the complaint in this case. He states that his "Heck-barred" claims should be dismissed without prejudice so that he may re-file his case if he is successful in his state court habeas claim.

This Court again does not agree with the plaintiff. His claim is more than "Heck-barred." Even if the plaintiff prevails in his state court habeas action, he cannot succeed in a § 1983 action against defendant Barnabei as the Fourth Circuit has stated that a

state appointed attorney does not act under the color of state law. Hall v. Quillen, 631 F.2d 1154, 1155 (4th Cir. 1980). As discussed above, there is no way that the plaintiff can succeed in a state-law negligence action in this Court against defendant Barnabei as it lacks subject matter jurisdiction to hear the claim. Accordingly, the plaintiff's complaint must be dismissed with prejudice. The plaintiff's motion for reconsideration is DENIED.

IV. Conclusion

For the reasons stated above, this Court DENIES the plaintiff's motion for reconsideration.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail.

DATED:   September 22, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE